642 A.2d 451

James J. RIGGI and Barbara Riggi, his wife, and James J. Riggi, in his own right, and Barbara Riggi, in her own right, Appellants,

v.

CONTROL CONSTRUCTION CORPORATION, subsidiary of Frank Irey, Jr., Inc. and Frank Irey, Jr., Inc., Appellees.

Supreme Court of Pennsylvania.

Submitted March 9, 1994.

Decided May 24, 1994.

Reargument Denied July 11, 1994.

---

\* Senior Justice Montemuro is sitting by designation as senior justice pursuant to Judicial Assignment Docket No. 94 R1800 due to the unavailability of Justice Larsen; see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

Simon B. John, Uniontown, for appellants.

Timothy J. Burdette, Anstandig, Levicoff & McDyer, Pittsburgh, for appellees.

Before NIX, C.J., and FLAHERTY, ZAPPALA, ·PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from a memorandum decision of the Superior Court which affirmed a judgment entered by the Court of Common Pleas of Greene County in favor of the appellees, Frank Irey, Jr., Inc. (Irey) and its subsidiary, Control Construction Corporation (Control), in a personal

injury action. The appellant, James J. Riggi, alleged that he was injured in the course of his employment with Consolidation Coal Company (Consolidation) when, due to the alleged negligence of Control in damaging a trap door at the coal mine where he was employed, he suffered a dislocation of his shoulder when he attempted to lift the door. Control had been hired by Consolidation to renovate the mine and, in the course of that work, allegedly dragged heavy equipment across the door, thereby damaging it.

In 1992, in a trial by jury, a verdict was returned in favor of Irey and Control. Judgment was entered accordingly.

Appellant contends that the deposition testimony of a defense witness, Robert Komosinski, was erroneously admitted at trial. Komosinski, a construction engineer employed by Consolidation, had supervised renovation work at the mine where appellant was injured. Admission of his deposition was permitted by the trial court on the basis that he was unavailable at trial. See Pa.R.C.P. 4020 (unavailability of witness as basis for use of deposition at trial).

The deposition was taken in 1989, approximately three years before trial. Counsel for appellant was present when the deposition was taken, and he cross-examined the witness.

Approximately two weeks before trial, the defense subpoenaed Komosinski to testify. After 5 p.m. on the eve of Komosinski's scheduled appearance, however, defense counsel was informed by his secretary that Komosinski left a telephone message that afternoon stating that, despite having been subpoenaed, he was not going to attend the trial because he was leaving town immediately to fly to Atlanta, Georgia. The following morning, defense counsel brought this to the attention of the court. Angered at the failure of the witness to appear, counsel expressed an initial inclination to seek a bench warrant but then decided that the associated costs and delays were not justified. He then requested leave to introduce certain portions of Komosinski's deposition testimony. Over objection by appellant's counsel, the request was granted

by the court on the basis that Komosinski was an unavailable witness pursuant to Pa.R.C.P. 4020(a)(3)(b), (d).

In pertinent part, Pa.R.C.P. 4020(a)(3) provides:

(a) At the trial, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had notice thereof if required, in accordance with any one of the following provisions:

. . . .

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds

. . . .

(b) that the witness is at a greater distance than one hundred (100) miles from the place of trial or is outside the Commonwealth, unless it appears that the absence of the witness was procured by the party offering the deposition, or

. . . .

(d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena. . . .

■ On the basis that the witness was in Atlanta, Georgia, more than 100 miles from the place of trial, and because the witness ignored the subpoena to testify at trial, the court ruled that Komosinski's deposition testimony was admissible. We agree.

■ In asserting that the requirements of Pa.R.C.P. 4020 were not met, appellant attempts to read into the rule various requirements that simply are not present therein. First, he claims that the rule does not apply to depositions taken for discovery purposes. The broad language of the rule contains, however, no language exempting such depositions from its scope. Second, appellant asserts that the rule does not apply where a witness refuses to obey a subpoena, unless a continuance or a bench warrant has been utilized to secure the witness' attendance. Again, the plain language of the rule

states that it is sufficient that a party have been unable to secure the witness' attendance through a subpoena; it does not say that a continuance or a bench warrant must also have been utilized. Finally, appellant alleges that Pa.R.C.P. 4020 uses the term "unavailable" to describe witnesses whose deposition testimony may be introduced, and that, because the rule contains no definition of that term, it is deficient. Examination of the rule reveals, however, that the term "unavailable" appears nowhere therein. Rather, that a witness is unavailable is a mere conclusion, reflecting, for example, the fact that the witness is more than 100 miles from the place of trial or that the witness failed to obey a subpoena to appear at trial.

The trial court's ruling in this case, allowing admission of deposition testimony proffered by the defense, was supported by not just one but two of the independent grounds enumerated in Pa.R.C.P. 4020(a)(3), supra, to wit, the fact that Komosinski was more than 100 miles from the place of trial, and the fact that Komosinski failed to comply with a subpoena to testify. The ruling was, therefore, fully supported by the record. Accordingly, the Superior Court properly affirmed.*

Order affirmed.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

---

* We granted allowance of appeal in this case to examine the trial court's ruling as to admission of Komosinski's deposition testimony. Two additional issues raised by appellant, to wit, whether there was error in the charge to the jury on contributory negligence, and whether there was error in excluding evidence of a cumulative sort regarding an orthopedic fastener in appellant's arm, have also been reviewed but have been found to be without merit.